*759 MEMORANDUM **
Turnberry Pavilion Partners, L.P. (“Turnberry”) appeals the district court’s order granting summary judgment to M.J. Dean Construction, Inc. (“Dean”). The district court held that a settlement agreement in a prior case released Turnberry’s claims in this case. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.[1]
I.
This court reviews de novo a district court’s grant of summary judgment. Nevada VTN v. Gen. Ins. Co. of Am., 834 F.2d 770, 773 (9th Cir.1987). This court must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
II.
This case is the third in a series of cases that arose from the construction of a luxury condominium tower in Las Vegas, Nevada. Turnberry, the developer, hired Dean as the concrete subcontractor and construction manager, and Maleo, Inc. (“Maleo”) as the subcontractor for the interior drywall and site walls.
In the first case, Malco, the Nevada state trial court found that Dean had caused Maleo “lost production” and “uncompensated overtime” due both to Mal-co’s negligent concrete work and negligent construction management. While cross-appeals were pending before the state supreme court, Turnberry paid Maleo $2.1 million to settle Malco’s claims. In the second case, One Turnberry, the condo-minium association sued Turnberry in Nevada state court for construction defects in the finished tower. Turnberry filed a third-party complaint against Dean and other subcontractors on the ground that their negligence caused those finished-product construction defects. All the parties reached a settlement in which Turn-berry and Dean agreed to pay the condominium association $2 million and $600,000, respectively. In this case, Turnberry seeks indemnity and contribution from Dean for Turnberry’s Maleo settlement payment, which was partly based on the “lost production” and “uncompensated overtime” caused Maleo by Dean’s negligent concrete work and negligent construction management.
The district court erred in holding that the plain meaning of the One Turnberry settlement agreement clearly and unambiguously released Turnberry’s indemnity and contribution claims in this case. Nevada law governs the interpretation of the One Turnberry settlement agreement because this ease is based on diversity of citizenship jurisdiction. Nevada VTN, 834 F.2d at 773. Under Nevada law, the interpretation of a contract is a legal issue for the judge to determine. Sheehan & Sheehan v. Nelson Malley and Co., 121 Nev. 481, 117 P.3d 219, 223 (2005). Principles of contract law govern the interpretation of a settlement agreement. May v. Anderson, 121 Nev. 668, 119 P.3d 1254, 1257 (2005). Nevada courts interpret an unambiguous contract, which is not reasonably susceptible to more than one interpretation, according to its plain meaning. Canfora v. Coast Hotels and Casinos, Inc., 121 Nev. 771, 121 P.3d 599, 603 (2005) (per curiam).
*760 The One Turnberry settlement agreement releases “claims ... now known with respect to the Claims asserted in the Litigation[.]” “Litigation” is defined to include only “claims asserted in the [One Turnberry ] Subject Action .... as set forth in Plaintiffs Complaint, Chapter 40 Notice to Builder, Defendant’s Third-Party Complaint, all Fourth Party Complaints, and ... the final and supplemental reports of the following Plaintiffs experts: Christopher Allen, [etc.]” There is no claim in any of the One Tumberry pleadings for indemnity and contribution based on “lost production” and “uncompensated overtime” due to either Dean’s negligent concrete work or negligent construction management. Nor does such a claim appear in Mr. Allen’s “preliminary” report, which in any event is not a “final” or “supplemental” expert report included in the “Litigation.” No other plaintiff expert reports appear in the record. Nor does the “Chapter 40 Notice.”
Nothing suggests that the negligent concrete work that caused Maleo the “lost production” and “uncompensated overtime” damages at issue in Maleo also caused the finished-product construction defects at issue in One Turnberry. To the contrary, Maleo incurred “lost production” and “uncompensated overtime” damages because it had to “redo” and “correct” Dean’s negligent concrete work. For example, the Maleo court found that “a substantial portion of [Malco’s] work was required to be redone,” and that, “to correct Dean’s bad concrete work, Maleo was required to devote substantial additional time and expense to ‘sculpt’ the foam portions of the exterior of the building.” Thus, if anything, the record suggests that the negligent concrete work that caused Maleo “lost production” and “uncompensated overtime” did not remain as finished-product construction defects.
There is also nothing to suggest that Dean’s negligent construction management caused the finished-product construction defects at issue in One Turnberry. As the One Turnberry court noted, “whether you do [the work] slowly or whether you don’t; that doesn’t turn to the issue of construction defect.” Negligent construction management may have slowed the construction process, causing Maleo “lost production” and “uncompensated overtime,” but it does not necessarily cause construction defects.
III.
Because there is no claim in any of the One Turnberry pleadings, written notices, and plaintiff expert reports for indemnity and contribution based on “lost production” and “uncompensated overtime” due to Dean’s negligent concrete work or negligent construction management, we hold that the One Turnberry settlement agreement did not release Turnberry’s claims in this case. We therefore need not consider whether the doctrine of judicial estoppel applies here.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the facts of the case, we will repeat them here only to the extent necessary to explain our decision.